IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSEPH CUELLAR,
                Plaintiff,
-vs-                                                              CAUSE NO.:
                                                                 AU-17-CA-00223-SS
CITY OF AUSTIN, TEXAS, POLICE
CHIEF BRIAN MANLEY, in his official
capacity, and DETECTIVE OTHO
DEBOISE, in both his individual and official
capacities,
                Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendants' Motion for Judgment on the Pleadings [#23], Plaintiff Joseph Cuellar's Response [#25] in opposition, and Defendants' Reply [#26] in support. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On February 15, 2015, Cuellar was walking down Sixth Street in Austin, Texas, when he encountered four officers on horseback travelling in the same direction. Notice Removal [#1-4] Ex. 4 (Pet.) at 2–4. As Cuellar's path converged with that of the officers, Cuellar was instructed to "back away from the horses." *Id.* Cuellar heeded this command by backing away from the horses "in a dancing motion." *Id.* In response, Detective Deboise told Cuellar to "get [his] ass out of here." *Id.* Detective Deboise then grabbed Cuellar by the shoulder and waist and threw Cuellar to the ground, injuring him. *Id.*

1

On February 14, 2017, Cuellar filed suit against Defendants in state court, alleging Detective Deboise used excessive force in throwing Cuellar to the ground. *Id.* Cuellar also alleges the City of Austin (the City) has a policy or custom of condoning the use of excessive force. *Id.* Finally, Cuellar alleges the City and Chief Manley have, with deliberate indifference, failed to train or supervise officers in the Austin Police Department. *Id.*

The Court's scheduling order in this case required all parties to file amended or supplemental pleadings by November 20, 2017. Order of May 3, 2017. This deadline has long since passed, and, in any event, Cuellar has never attempted to amend his pleadings, instead choosing to rely on his state court petition. *See* Pet. at 1–4. Defendants now bring a motion for judgment on the pleadings. Mot. J. Pleadings [#23]. This pending motion is ripe for review.

**Analysis**

**I.     Legal Standard**

Rule 12(c) provides "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)) (internal citations omitted).

In the Fifth Circuit, a Rule 12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). Thus, in determining a motion for judgment on the pleadings, the court must look only to the pleadings, construing such pleadings liberally and accepting all allegations

contained therein as true. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." *Id.* The Court must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). "A motion for a judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted." *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962).

## II.    Application

Cuellar argues (1) the City has a policy or custom of custom condoning the use of excessive force, and (2) the City and Chief Manley have, with deliberate indifference, failed to train or supervise officers in the Austin Police Department. Pet. at 2–4. The Court addresses these claims in turn. [1]

### A.    Unconstitutional Policy, Practice, or Procedure

Municipalities and other local governments may incur § 1983 liability where an official policy or custom causes a constitutional violation. *Bennet v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim against a municipality under § 1983, the plaintiff must identify: (1) a policymaker; (2) an official policy; and (3) a "violation of constitutional rights whose 'moving force' is the policy or

---

[1] Defendants' motion does not address Cuellar's claims against Detective Deboise.

custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694). Official policy may be found in "written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson*, 588 F.3d at 847; *Piotrowski*, 237 F.3d at 581–82.

Cuellar has failed to identify an unconstitutional policy, practice, procedure giving rise to a constitutional violation. Cuellar alleges the City of Austin "has a policy and/or custom of condoning and authorizing the use of excessive force" against suspects and other individuals. Pet. at 2–4. Yet Cuellar has not explained why or how the City's existing policy condones or authorizes the use of excessive force. Cuellar only alleges Chief Manley and the City of Austin have "a policy" that "fail[s] to provide constitutionally acceptable law enforcement services." Resp. Mot. J. Pleadings [#25] at 7; *see also* Pet. at 1–4. But Cuellar neither identifies nor describes this allegedly infirm "policy." In fact, Cuellar has not directly referenced or identified a single written policy, ordinance, or regulation underlying his *Monell* claim nor any unwritten policy or custom responsible for an alleged constitutional violation. Thus, Defendants are entitled to judgment on Cuellar's *Monell* claim because Cuellar has failed to plead sufficient facts in support.

## B.     Failure to Train or Supervise

To establish a § 1983 claim for failure to train or supervise, a plaintiff must show: "(1) the supervisor either failed to supervise or train a subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Cuellar has failed to plead sufficient facts to state a § 1983 claim for failure to train or supervise against either the City or Chief Manley. Though Cuellar's complaint alleges "[t]he current screening/supervision and training mechanisms utilized by the Austin Police Department are deficient," Cuellar does not explain *how* the City's training program and policies were inadequate. Pet. at 2–4. He does not allege the City's training program was noncompliant with state law nor does he allege Texas's state-mandated training is constitutionally inadequate. *See Sanders–Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010) (affirming grant of summary judgment where the officers completed state-mandated training program and the plaintiff did not allege the state requirements were inadequate). Moreover, Cuellar has not alleged the City or Chief Manley failed to require Detective Deboise to complete normal training procedures nor has he alleged Chief Manley diverged from normal disciplinary procedures in addressing Detective Deboise's conduct. Because Cuellar's claim is supported solely by his conclusory assertion that the Austin Police Department's training procedures are "deficient," Defendants are entitled to judgment on Cuellar's failure to train or supervise claim.

## Conclusion

Defendants are entitled to judgment on the pleadings as to the claims brought against the City of Austin and Chief Manley. Thus, only the claims against Detective Otho Deboise remain.

Accordingly,

IT IS ORDERED Defendants' Motion for Judgment on the Pleadings [#23] is GRANTED.

SIGNED this the _6_ day of April 2018.

_____Sam Sparks_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE